17-994-ag
*Hamer v. Sessions*

BIA
Videla, IJ
A036 358 692

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of May, two thousand eighteen.

PRESENT:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

---

ORRIN S. HAMER, AKA ORIN HAMER, AKA ORIN S. HAMER,

> *Petitioner*,

> v.                                                                              17-994-ag

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

> *Respondent*.

---

| | |
|---|---|
| For Petitioner: | CRAIG RELLES, Law Office of Craig Relles, White Plains, New York. |
| For Respondent: | KATHARINE E. CLARK (Nancy K. Canter, *on the brief*), for Shelley R. Goad, Assistant Director, Office of Immigration Litigation, Chad A. Readler, Acting Assistant Attorney General, United States Department of Justice, Washington, District of Columbia. |

Petition for review of a March 9, 2017 Board of Immigration Appeals ("BIA") decision dismissing Petitioner's appeal of a December 11, 2015 decision of an Immigration Judge ("IJ") denying Petitioner's motion to terminate removal proceedings and ordering his removal.

**UPON DUE CONSIDERATION** of this petition for review of a BIA decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Orrin S. Hamer, a native and citizen of Guyana, seeks review of a March 9, 2017 decision of the BIA dismissing Hamer's appeal of a December 11, 2015 decision of an IJ denying Hamer's motion to terminate removal proceedings and ordering his removal. *In re Orrin S. Hamer*, No. A 036 358 692 (B.I.A. Mar. 9, 2017), *aff'g* No. A 036 358 692 (Immig. Ct. N.Y. City Dec. 11, 2015). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We have reviewed the decisions of both the IJ and BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review *de novo* Hamer's legal challenge to the agency's denial of his motion to terminate removal proceedings. *See Perriello v. Napolitano*, 579 F.3d 135, 138 (2d Cir. 2009). Hamer's petition is denied because his arguments are foreclosed by our decision in *Perriello*. Hamer relies on 8 C.F.R. § 1239.2(f), which provides:

> An immigration judge may terminate removal proceedings to permit the alien to proceed to a final hearing on a pending application or petition for naturalization when the alien has established prima facie eligibility for naturalization and the matter involves exceptionally appealing or humanitarian factors; in every other case, the removal hearing shall be completed as promptly as possible notwithstanding the pendency of an application for naturalization during any state of the proceedings.

But *Perriello* is explicit that changes made in 1990 to the statutory framework governing removal

2

and naturalization proceedings abrogated this regulation, at least in part, and preclude an alien from doing what Hamer has done here: "apply for naturalization after removal proceedings have commenced and then move for termination of removal proceedings." 579 F.3d at 141; *see also* 8 U.S.C. § 1429 (providing that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding"). Because 8 U.S.C. § 1429 prohibits the agency from considering an alien's naturalization application during the pendency of a removal proceeding, it is "impossible for an alien to establish prima facie eligibility for naturalization" by applying for naturalization during removal proceedings. *Perriello*, 579 F.3d at 141. In sum, the agency cannot terminate removal proceedings for an alien, such as Hamer, on the basis of the alien's application for naturalization when that application was made after the commencement of such removal proceedings. *See id*. at 141–42.

We have considered all of Hamer's remaining arguments and find them to be without merit. For the foregoing reasons, Hamer's petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3